UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-CIV-61639-COHN/SELTZER

TERESA HENDERSON,
individually,

    Plaintiff,

v.

IMPERIAL POINT COLONNADES,
CONDOMINIUM, INC.,
a Florida Corporation,
TERRY MILLER, individually, and
ROBERT MILLER, individually,

    Defendants.
_____/

**ORDER DENYING DEFENDANT IMPERIAL POINT COLONNADES CONDOMINIUM, INC.'S MOTION TO DISMISS, DENYING DEFENDANT TERRY MILLER'S MOTION TO DISMISS, AND GRANTING DEFENDANT ROBERT MILLER'S MOTION TO DISMISS**

**THIS CAUSE** is before the Court on Defendant Imperial Point Colonnades Condominium, Inc.'s Motion to Dismiss Plaintiff's Complaint [DE 12], Defendant Robert Miller's Motion to Dismiss Plaintiff's Complaint [DE 13], and Defendant Terry Miller's Motion to Dismiss Plaintiff's Complaint [DE 14] (collectively, "Motions to Dismiss"). The Court has carefully reviewed the Motions to Dismiss, Plaintiff Teresa Henderson's Response in Opposition to Defendants' Motions to Dismiss Plaintiff's Complaint [DE 23] ("Response"), and is otherwise fully advised in the premises.[1]

---

[1] Defendants have not filed any replies and the time for filing replies has passed.

I. BACKGROUND

In the summer of 2009, Plaintiff desired to buy a condominium unit located within a 552-unit complex called Imperial Point Colonnades Condominium ("Imperial Point"). DE 1 ¶ 7 ("Complaint"). Defendant Imperial Point Colonnades Condominium, Inc. is a Florida corporation and the condominium association for Imperial Point (the "Association"). Id. Defendant Terry Miller, at all times relevant to this action, was the property manager of the Association. Id. ¶ 8. Defendant Robert Miller, at all times relevant to this action, was the president of the Association. Id. ¶ 9.

The Association required purchasers to make a down payment of at least ten percent of the purchase price for condominium units at Imperial Point. Fortunately for Plaintiff, the State Housing Initiatives Partnership Program ("SHIP") had agreed to provide her with $35,000 that she could use for her down payment. Id. ¶ 13. Plaintiff, along with her real estate agent, telephoned the Association to ask if the down payment could come from SHIP. Id. The Association assured Plaintiff and her real estate agent that "the Association was not concerned with the source of the down payment, as long as at closing, at least ten percent of the total purchase price was put down and no more than ninety percent of the total purchase price was financed." Id.

On June 4, 2009, Plaintiff submitted an application to the Association's receptionist. Id. ¶ 14. The Association did not know that Plaintiff was African American before Plaintiff submitted the application. Id. ¶ 15. The Association called Plaintiff's references, and the City of Fort Lauderdale, to confirm that SHIP had approved Plaintiff. "David Harvey, an employee for the City of Fort Lauderdale, told defendant Association that [Plaintiff] was in fact approved by SHIP, and that the $35,000 would be

2

paid to seller at closing." Id. ¶ 16.

On June 18, 2009, Plaintiff agreed to purchase a condominium unit (the "Condo") from non-party Joseph Albert for $55,000. Id. ¶ 20. Plaintiff intended to use the $35,000 from SHIP, representing roughly sixty-four percent of the purchase price, as her down payment for the Condo. Id. To consummate the agreement, however, Plaintiff needed the Association's approval. Id. ¶ 20.

The Association denied Plaintiff's application because, as it stated in a denial letter, "you will not be paying 10% of the purchase price." Id. ¶¶ 33-34. Plaintiff claims that the explanation was a "sham" and that "[t]he real reason Defendants denied [Plaintiff's] application is that [Plaintiff] is African American." Id. ¶ 34.

Consequently, Plaintiff filed suit against the Association, Terry Miller, and Robert Miller (collectively "Defendants"), alleging that they discriminated against her on the basis of race and/or color in violation of 42 U.S.C. § 3604 (the "Fair Housing Act").[2] Plaintiff further alleges that she is a member of a protected class, that she was a bona fide and qualified applicant to be admitted into the Association, and that a

---

[2]   42 U.S.C. § 3604 provides in pertinent part the following:

it shall be unlawful--

(a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.

(b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

discriminatory purpose was the motivating factor in Defendants' decision to deny Plaintiff's application for Association approval.  Complaint ¶¶ 38-41.

Each defendant has filed a separate motion to dismiss the Complaint.

## II. DISCUSSION

### A. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action.  Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  Id.  Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" Id. at 556.

### B. The Association's Motion to Dismiss

The Association contends that the Court should dismiss Plaintiff's Complaint because Plaintiff "cannot establish a prima facie case under the Fair Housing Act

because she never demonstrated that she was a 'qualified' purchaser." DE 12 at 2. Specifically, the Association points to its rule which "requires a prospective purchaser to make at least a 10% deposit on the subject unit with 'no more than ninety percent of the total purchase price [] financed.'" Id. The Association then points to Plaintiff's SHIP participation agreement which states that "[t]he assistance provided under the terms and conditions of this Agreement is $35,000 and [the City of Fort Lauderdale] shall have a lien on the property, secured by a second mortgage upon [Plaintiff's] interest in [the Condo]."³ Id. at 3. The Association thus maintains that Plaintiff intended to finance one hundred percent of the purchase price of the Condo in derogation of the Association's rule. For that reason alone, the Association argues, Plaintiff was unqualified to purchase the Condo "and, thus, she cannot establish a prima facie claim under the Fair Housing Act." DE 12 at 4.

Plaintiff, however, need not establish a prima facie claim under the Fair Housing Act to survive a motion to dismiss. See Swierkiewicz v. Sorema N. A., 534 U.S. 506,

---

³ The Association, in its motion to dismiss, relies on various documents that Plaintiff did not attach to her Complaint. Notwithstanding, in Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002), the Eleventh Circuit held that a district court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment provided the attached document is both central to the plaintiff's claim and undisputed. "Undisputed" means that the authenticity of the document is not challenged. Id. Furthermore, the Eleventh Circuit's prior decisions make clear that "a document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, the Court may consider such a document provided it meets the centrality requirement imposed in Horsley." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005). Here, although Plaintiff did not attach the Association's rule or her SHIP participation agreement to her Complaint, she refers to both in her Complaint, and both are undisputed, and both are central to her claim. The Court, therefore, will consider both the rule and the SHIP participation agreement as it resolves the Association's motion to dismiss.

510 (2002) ("The prima facie case under [McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)] is an evidentiary standard, not a pleading requirement. . . . [The Supreme Court] has never indicated that the requirements for establishing a prima facie case under McDonnell Douglas also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."); see also Lindsay v. Yates, 498 F.3d 434, 439 (6th Cir. 2007) ("Although Swierkiewicz was an employment-discrimination case, our sister Circuits have expressly extended its holding to housing-discrimination claims. Indeed, both the Second and Ninth Circuits have stated that Swierkiewicz applies to any claim covered by the McDonnell Douglas framework." (citations omitted)).  Indeed, if Plaintiff, through the aid of discovery, identifies direct evidence of discrimination, Plaintiff need not establish a prima facie case of discrimination.  See Swierkiewicz, 534 U.S. at 511.  The Association's argument is unavailing and the Court will deny the Association's motion to dismiss.

### C. Terry Miller's Motion to Dismiss

Terry Miller's motion to dismiss states the same arguments, verbatim, as the Association's motion to dismiss.  That is, Terry Miller asserts that the Court must dismiss Plaintiff's claim against Terry Miller because the Complaint fails to allege a prima facie case of discrimination.  Thus, for the reasons stated above, the Court will also deny Terry Miller's motion to dismiss.

### D. Robert Miller's Motion to Dismiss

Robert Miller's motion to dismiss states the same arguments, verbatim, as the Association's motion to dismiss.  That is, Robert Miller asserts that the Court must

dismiss Plaintiff's claim against Robert Miller because the Complaint fails to allege a prima facie case of discrimination.  Thus, for the reasons stated above, the Court rejects that argument.  Unlike his co-defendants, however, Robert Miller advances an additional argument.

According to Robert Miller, the Plaintiff "fails to allege that R. Miller committed a single discriminatory act."  DE 13 at 11.  Robert Miller proceeds to list the allegations in the Complaint that mention Robert Miller as follows:

> 9. Defendant, Robert Miller, at all time relevant to this action, was the President, an agent of, and a director of defendant Imperial Point Colonnades Condominium, Inc.
>
> 29. On the next day, July 7, 2009, [Plaintiff] met with defendant Terry Miller and was interviewed by defendant Robert Miller.  Defendant Terry Miller, again, spoke to [Plaintiff] in an argumentative and condescending tone, and re-questioned her about her ability to pay fees and taxes.
>
> 30. During the interview, defendant Robert Miller went over the rules on the Condo, and asked [Plaintiff] about SHIP and her mortgage, which were preapproved. After [Plaintiff] explained the sources of her funding, defendant Robert Miller told [Plaintiff] that he would review her file and get back to her by Friday, July 10, 2009.

Id. (citing Complaint ¶¶ 9, 29, 30).  Because the Complaint alleges no other conduct on the part of Robert Miller, Robert Miller contends that the Complaint attempts to impose liability on him based solely on his position as the president of the Association.  Thus, he argues, the Complaint fails to state a claim on which relief can be granted.

In her Response, Plaintiff maintains that she "has brought her claim against defendant Robert Miller for the acts of racial discrimination committed by him personally."  DE 23 at 18.  Rather, Plaintiff states in her Response that "while defendant Robert Miller appeared to be giving [Plaintiff's] application fair consideration, in reality,

7

defendant Robert Miller had no intention of approving [Plaintiff's] application because she is African-American." Id. at 19.  Plaintiff's Complaint, however, fails to make the same allegations.  The Court, therefore, will grant Robert Miller's motion to dismiss.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Imperial Point Colonnades Condominium, Inc.'s Motion to Dismiss Plaintiff's Complaint [DE 12] is **DENIED**.

2. Defendant Terry Miller's Motion to Dismiss Plaintiff's Complaint [DE 14] is **DENIED**.

3. Defendant Robert Miller's Motion to Dismiss Plaintiff's Complaint [DE 13] is **GRANTED**.

4. The Complaint is **DISMISSED WITHOUT PREJUDICE** only as to the claim against Defendant Robert Miller.

5. Plaintiff may file an amended complaint by March 2, 2010.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of February, 2010.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record.